

Gregory G. Barnett
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X     2012 Civ.
PING AN PROPERTY & CASUALTY
INSURANCE COMPANY OF CHINA, LTD. a/s/o
SERVICE STEEL AEROSPACE CORP.,          **COMPLAINT**

       Plaintiff,

  - against –

SHIPCO TRANSPORT, INC. and AZ/CFS WEST, INC.,

       Defendants.
------------------------------------------------------------X

    Plaintiff, PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD. a/s/o SERVICE STEEL AEROSPACE CORP., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### Jurisdiction

1.   This is a claim for cargo damage to a shipment of titanium bars. Jurisdiction over the defendant is predicated upon 28 U.S.C. §§ 1331, 1332, and 1333, as the parties are citizens of different countries and the amount in controversy exceeds $75,000.

### Parties

2.   At all material times, PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD. (hereinafter "Ping An" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of

business located at Ping An Building, No. 48 Taiyi Road, Xi' An, China, and is the subrogated underwriter of a consignment of 28 cases of titanium bars laden on board the M/V HANJIN HAMBURG (hereinafter "the subject consignment"), as more specifically described below.

3. At all material times, SERVICE STEEL AEROSPACE CORP. (hereinafter "Service Steel"), was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 4609 70th Street E, Fife, Washington and was the consignee of the subject consignment.

4. At all material times, defendant SHIPCO TRANSPORT, INC. (hereinafter "Shipco"), was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 699 Kapkowski Road, Elizabeth, NJ and was at all relevant times acting in the capacity of a common carrier of goods for hire and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant AZ/CFS WEST, INC. (hereinafter "AZ/CFS West"), was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 250 W. Manville Street, Compton CA 90220 and was at all relevant times the owner and / or operator of a warehouse located at 2250 W. Manville Street, Compton CA 90220.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. On or about December 28, 2011, the subject consignment, laden in container number TCLU1128611, then being in good order and condition, was delivered to Shipco and/or

its agents at the port of Shanghai, China in consideration of an agreed upon freight, pursuant to Shipco bill of lading number LAX5191983 dated December 28, 2011.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V HANJIN HAMBURG and the vessel sailed for its intended destination.

9. On or about January 10, 2012, container number TCLU1128611 was discharged at Long Beach, California and the subject consignment was transported to AZ/CFS West.

10. The warehouse, owned and operated by defendant AZ/CFS West, was and is located at 250 W. Manville Street, Compton CA 90220 (hereinafter "the warehouse").

11. On January 18, 2012, while in the care of defendants and/or their agents, the subject consignment was stolen from the warehouse.

12. At all times relevant hereto, Ping An provided a contract of insurance for property damage, covering, among other things, loss or damage to the subject consignment.

13. Pursuant to the aforementioned contract of insurance, monies have been expended to the detriment of Ping An due to theft of the subject consignment.

14. As Ping An has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants and/or their agents, Ping An has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants and/or their agents.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 14, inclusive, as if herein set forth at length.

16. Defendants owed a duty to plaintiff to store, keep, care for, warehouse and deliver the subject consignment in the same condition as received.

17. At all material times, defendants had exclusive control and access to the subject consignment until such time that the goods were stolen.

18. Defendants breached and were negligent and grossly negligent in their duties by failing to properly store, keep, care for, and warehouse the subject consignment.

19. The loss was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, gross negligence, breach of contract, and breach of bailment on the part of the defendants and/or their agents.

20. Plaintiff performed all of the conditions precedent on its part to be performed under the terms of its contract with defendants.

21. By reason of the foregoing, plaintiff has sustained losses, which will be shown with specificity at trial no part of which has been paid, although duly demanded, which are presently estimated to be no less than $306,845.34, plus pre-judgment interest.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants, citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, joint and severally, for the amount of plaintiff's damages in the amount of at least $306,845.34, together with pre and post judgment interest, costs, attorneys fees, and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 11, 2012
222-89

                                CASEY & BARNETT, LLC
                                Attorneys for Plaintiff

By: _____
       Gregory G. Barnett
       Janine E. Brown
       65 West 36th Street, 9th Floor
       New York, New York 10018
       (212) 286-0225